IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JERRY MELVIN KEY,

      Petitioner,

v.                                  Case No. 1:07CV99
                                        (Judge Keeley)

JOHN L. HENNING,
Randolph County Court Judge,

      Respondent.


ORDER AFFIRMING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION

      On July 16, 2007, petitioner, Jerry Key, ("Key") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. By letter dated September 27, 2007, Key requested permission to withdraw his case.

      On September 28, 2007, pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure, Magistrate Judge James E. Seibert entered a report and recommendation construing Key's September 27, 2007 letter as a Motion to Dismiss. Rule 41(a)(1) provides that an action may be dismissed without order of the court upon filing a notice of dismissal at any time before service by an adverse party of an answer or of a motion for summary judgment, whichever first occurs.

      Accordingly, in his report and recommendation Magistrate Judge Seibert recommended that the Clerk of Court be directed

## ORDER ADOPTING MAGISTRATE JUDGES'
### REPORT AND RECOMMENDATION

to close this case and dismiss it from the active docket of the Court. The Report and Recommendation also specifically warned that failure to object to the report and recommendation would result in the waiver of any appellate rights on this issue. The parties did not file any objections.[1]

Consequently, the Court **ADOPTS** the Report and Recommendation in its entirety and **ORDERS** the case **DISMISSED WITH PREJUDICE** and stricken from the Court's docket.

It is so **ORDERED.**

The Clerk is directed to mail a copy of this Order to the pro se petitioner, certified mail, return receipt requested, and to transmit copies of this Order to counsel of record.

Dated: October 17, 2007.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

[1] The failure of the parties to object to the Report and Recommendation not only waives their appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).